## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51079

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 31, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES PAUL BURNS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and unified life sentence, with a minimum period of confinement of twenty years, for sexual battery of a minor child sixteen or seventeen years of age and being a persistent violator of the law, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

James Paul Burns was found guilty of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A(1)(c), and being a persistent violator of the law, I.C. § 19-2514. The district court sentenced Burns to a unified life term, with a minimum period of confinement of twenty years. Burns appeals, arguing that his sentence is excessive.[1]

---

[1] Burns was also found guilty of and sentenced for misdemeanor sexual battery. However, he does not challenge this judgment of conviction and sentence on appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Burns' judgment of conviction and sentence are affirmed.